IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
-----------------------------------
                                  :
UNITED STATES OF AMERICA          :
                                  :
           Plaintiff              :
                                  :
       v.                         : 3:01-cr-00519-JAG-2
                                  : 3:19-cv-01555-WGY
DAVID RENATO NUNEZ-PEREZ(2)       :
                                  :
           Defendant              :
                                  :
-----------------------------------
```

PRELIMINARY REVOCATION HEARING


Was held Before HONORABLE U.S. MAGISTRATE JUDGE BRUCE J.

MCGIVERIN, sitting in San Juan, Puerto Rico, on July 22,

2024 at 11:00 a.m.

1   APPEARANCES:

2

3   FOR THE GOVERNMENT:

4   LUIS ANGEL VALENTIN, AUSA

5

6   FOR THE DEFENDANT:

7   KEVIN E. LERMAN, AFPD

8   FRANCO LORENZO PEREZ-REDONDO, AFPD

9

10   FOR THE RESPONDENT:

11   DIANA ITZEL PEREZ-CARLO, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK: Criminal Case 01-519, United States of

2   America versus David Renato Nunez-Perez for Preliminary

3   Revocation Hearing.  On behalf of the government is AUSA

4   Luis Angel Valentin and on behalf of defendant are AFPD

5   Franco Perez and Kevin Lerman and Civil Case 19-1555, Nunez

6   Perez v. Rolon Suarez et al for Bond Revocation hearing.

7          On behalf of defendant are AFPD Franco Perez and AFPD

8   Lerman.  On behalf of Respondent is Attorney Diana Itzel

9   Perez-Carlo.  Defendant Nunez Perez is present and is being

10  assisted by a certified court interpreter.

11         THE MAGISTRATE: Okay, good morning to everybody.

12  Good morning, Mr. Nunez.

13         THE DEFENDANT: Good morning, Your Honor.

14         MR. VALENTIN: Good morning, Your Honor.

15         MR. LERMAN: Good morning, Your Honor.

16         MR. PEREZ: Good morning, Your Honor.

17         MS. PEREZ: Good morning, Your Honor.

18         THE MAGISTRATE: I would like to start by just

19  saying procedurally what I consider before the Court.  There

20  are two cases.  They're closely related.  Actually the

21  issues I see them as exactly the same in both of them.

22         The civil case which is a State habeas case is before

23  the Court on a motion -- actually both cases are before the

24  Court on a motion alleging that Mr. Nunez has violated his

25  release conditions and in the civil case, the issue is these

4

1    are essentially bail conditions because he's out on bail

2    pending an appeal to the First Circuit on the habeas issue

3    and those conditions of release are essentially his

4    supervised release conditions in his federal criminal case,

5    which is 01-519 before Judge Garcia.

6        Now, the civil case is before Judge Young and when this

7    motion was filed, Judge Young referred the matter to me to

8    hold an initial and a preliminary hearing.

9        His release on bail in the civil case is governed by

10   Federal Rule of Appellate Procedure, 23 I believe.  Whereas

11   his release in his criminal case is governed by Rule 32.1 of

12   the Federal Rules of Criminal Procedure.

13       The procedure under 32.1 is very clear.  I hold a

14   preliminary revocation hearing.  If there's probable cause

15   it's sent to the presiding District Judge for final

16   revocation hearing and I see the same procedure applying in

17   the civil case since Judge Young referred this to me for a

18   preliminary hearing.

19       I understand that in both these cases my job today is

20   to first find -- determine whether there's probable cause

21   that he violated his release conditions and if probable

22   cause is found, then in both cases it will be referred to

23   the presiding District Judge, Judge Garcia in the criminal

24   case and Judge Young in the civil case to make a final

25   determination as to revocation of his bail and/or supervised

1    release.

2        So, that's the first thing I have to do, find probable

3    cause and I think if that determination, I can't see

4    how it will be different, any different in the two cases.

5        The second thing to do is if probable cause is found,

6    determine whether he should be detained pending the final

7    revocation.  Okay, that's how I see it.

8        So, let me start again by, start by asking defense, has

9    the defense received the motion filed by the Probation

10    Officer?

11        MR. LERMAN: Good morning, Judge McGiverin.  Kevin

12    Lerman for Mr. Nunez Perez.  Just a point of order, if we

13    can, before this because I think that and I think that some

14    of the legal issues, part of the reason we asked to continue

15    this hearing is because which was the last paragraph in each

16    of the motions filed in each of the unopposed motions was to

17    -- because there are some complexities about both these

18    cases and the United States is not a party and the civil

19    proceeding and the Commonwealth of Puerto Rico is not a

20    party in the criminal case.

21        So, if each prosecuting attorney is just appearing in

22    those individual cases and the minutes are consolidated for

23    record keeping purposes, we wouldn't have an issue with

24    that.

25        We would like an opportunity to raise at least a legal

6

1    issue related to the civil case whether this Court has

2    jurisdiction to consider sua sponte an alleged violation of

3    the conditions of release given Rule 23, which Your Honor

4    mentioned but we have spoken with both the government and

5    the attorney for the Puerto Rico Department of Justice and

6    we're all in agreement with Mr. Nunez remaining in the

7    community as on the conditions that he's already subject to.

8         We've all spoken with the Probation Officer.  He has

9    follow up appointments now that he's completed the ten day

10   in-patient program which Your Honor released him to two

11   weeks ago today and so while we would like to preserve an

12   opportunity to raise the issue because and we think its --

13   we think the Court would also wish to assess whether there's

14   jurisdiction to move forward in the civil case in light of

15   Rule 23© and (D), which would require the Respondents to

16   move for relief now.

17        I don't think they can move to revoke the writ of

18   habeas corpus because ultimately what Rule 23 does is if

19   there's a presumption of release and this was an

20   unconditional writ of habeas corpus that was granted, so

21   it's not like Mr. Nunez' Pre-trial.

22        There was a sentence that was imposed against him and

23   that sentence was vacated by Judge Young's order.  Now,

24   whether Respondents will prevail in their appeal, well, we

25   took our position in the PR and we think that the case for

1   the Rule 23© release is even stronger given that Respondents
2   don't raise any challenge whatsoever to the merits of Judge
3   Young's order and their issue comes down to an 11 day delay
4   on a non-jurisdictional time line provision.        So, we
5   are focused on the treatment priorities for Mr. Nunez who's
6   been out in the community for a year and so our application
7   would be that the Court would accept a joint motion for the
8   setting of a final revocation hearing in the criminal case
9   with Mr. Nunez remaining in the community subject to his
10  conditions and then no further proceedings or at least a
11  stay of proceedings until we have an opportunity to brief
12  whether Your Honor and whether Judge Young have jurisdiction
13  at this stage sua sponte without motion from the Puerto Rico
14  Department of Justice, without motion from Respondents to
15  reconsider the grant of the writ of habeas corpus in the
16  civil case.
17          THE MAGISTRATE: Okay, let me hear from, first from
18  the Commonwealth.
19          MS. PEREZ: Good morning, Diana Perez Carlo for the
20  government of Puerto Rico.  Judge, the Commonwealth's
21  position is that we recognize that the Court issued a ruling
22  granting release on appeal.  He's presently not under the
23  Commonwealth's custody, so our position would be to assume
24  the U.S. Attorney's position regarding the supervised
25  release conditions.

1         THE MAGISTRATE: All right.  So, the Commonwealth's

2    position is to defer to the United States Attorney's Office

3    in how they handle the criminal case.

4         MS. PEREZ: Yes, Your Honor.

5         THE MAGISTRATE: Okay, understood and it is the

6    Commonwealth's position that since the defendant is under

7    the custody of the United States Attorney General, then

8    you're essentially agreeing with the defense that that's the

9    Court where this game should be played.

10        MS. PEREZ: Yes, Your Honor.  Since the conditions

11   are the federal conditions, the State as the case is –-

12        THE MAGISTRATE: Okay, thank you.  Thank you.  So I

13   think –

14        MR. VALENTIN: Your Honor, I'm sorry.  Can I have

15   one moment to confer with counsel?

16        THE MAGISTRATE: All right.

17        MR. VALENTIN: Thank you, Your Honor.

18        THE MAGISTRATE: Thank you.

19        MR. VALENTIN: Your Honor, as a preliminary matter,

20   I want to offer my apologies to the Court for my tardiness

21   on the matter unfortunately and regrettably was not on my

22   calendar.

23        So, I apologize to the Court.  I've already extended

24   that sincere apology to all the participants and your Deputy

25   Clerk.

1      Your Honor, as I understand this, Your Honor's question

2  is a valid one in terms of to stipulate or the probable

3  cause determination.  It would be my humble suggestion that

4  there would be a stipulation as to probable cause.

5      I believe counsel would like to speak on that and then

6  we would have, depending on that answer, we could offer

7  suggestions for bail conditions which I've conferred with

8  counsel, defense counsel that is and the Probation Officer

9  who's here present in court.

10      Without stealing the thunder of counsel, it's my

11  understanding that he's under the impression that since the

12  defendant was released and he's currently not in custody,

13  that there doesn't need to be a preliminary hearing.

14      I'm not quite sure if I'm articulating that correctly

15  but if I --

16          THE MAGISTRATE: I would tend to agree with that

17  and usually when they are released, Rule 32.1 does not

18  require a preliminary hearing.

19          MR. VALENTIN: So, having said that, I just want to

20  make sure that the notes or the docket is correct because on

21  July 8, 2024 at docket entry 183, it suggests, "after

22  hearing the argument of parties" and I'm quoting here, "the

23  Court found that the determination as to his release could

24  not be made today without hearing Respondent's position in

25  the civil matter" and then it goes on further to say, "a

1    preliminary hearing in the civil case and a bond revocation

2    hearing in that civil case is set for July 11."

3        In the meantime, Your Honor, did release the defendant

4    on July 8 with conditions which apparently he has complied

5    with, namely a ten day detox.

6        So, having appeared before Your Honor on numerous other

7    matters and on these preliminary revocation hearings, if

8    those were the conditions of release as set by the Court, in

9    good faith since he has complied with those conditions, I'd

10   be facing quite a climb to ask for his detention.

11       So, if Your Honor is of the position that there is no

12   preliminary hearing required and we're at the bail

13   conditions component, then I'm prepared to advance to the

14   Court that I've spoken to both counsel for the defendant and

15   the Probation Officer who has specifically assured me that

16   the defendant fully complied with the ten day detox program;

17   that in terms of the conditions of his continued release,

18   that the defendant has two scheduled appointments, one for

19   July 23rd and one for July 24th, namely for the follow-up

20   out-patient drug treatment and the additional

21   recommendations would be that the defendant follow any other

22   conditions and regulations as ordered at the discretion of

23   the Probation Officer.  Thank you.

24       THE MAGISTRATE: Okay, thank you.  As to the

25   setting of a preliminary hearing when he was released,

1  usually that is not done.  The circumstances of this case

2  were kind of special because we could not really make a

3  final determination without the Commonwealth's, at least the

4  way I saw it at the time, is the Commonwealth's

5  participation and so then the Court was faced with, "okay,

6  we have to have the Commonwealth here to hear from them" and

7  if the matter was that he was detained as a matter of the

8  Commonwealth, for the Commonwealth case, then he would be

9  entitled to a preliminary revocation hearing and rather than

10  detain him at that and then call him back for a preliminary

11  revocation hearing a few days later, it would be just more

12  convenient to set these two things but given the fact that

13  he is released, he's been on conditions, there's no claim

14  that he has violated those conditions, at least within the

15  last ten days or whatever it was and that no one is moving

16  to detain him at this time, then I am of the opinion that

17  Rule 32.1 does not require a preliminary hearing given these

18  circumstances and so there seems to be an agreement that he

19  be released pending, so that matter would be referred to the

20  presiding District Judge, Judge Garcia, for a final

21  revocation hearing and there seems to be agreement as to

22  conditions of release but let me hear from the defense

23  counsel just to confirm that and to reconfirm what those

24  conditions are.

25          MR. LERMAN: Yes, Your Honor, we are in agreement

12

1  as we understand that he would be returning to the same

2  conditions that Judge Young imposed last July when he issued

3  the Rule 23© order and I think that's now with the addition

4  of substance abuse treatment counseling and --

5        THE MAGISTRATE: Substance abuse testing and

6  treatment as in this -- I think that's what the government

7  wants to be sure of as being necessary by the Probation

8  Office.  Is that right?

9        MR. VALENTIN: There's also a mental health

10 component to that and a scheduled visit on July 23rd, 2024

11 as well as the other standard conditions and continued

12 employment.

13       THE MAGISTRATE: Okay, so he will attend his

14 scheduled mental health and drug treatment appointments.  He

15 will maintain employment.  Okay, so he will be released

16 under those conditions.

17       Now, as to the Commonwealth case, you know, I want the

18 minutes to be clear that the Commonwealth understands that

19 jurisdiction over this matter is now with -- in the criminal

20 case, Criminal Case 01-519, and the defense seems to be in

21 agreement with that.

22       So, that should be on the minutes if Judge Young is in

23 disagreement with that, okay, and so what I'm going to do is

24 I'm going to follow the defense's suggestion that bail

25 revocation proceedings in the civil case are stayed pending

1    the outcome of the final revocation hearing in the criminal

2    case and they're stayed until further order of the Court,

3    which of course could come from Judge Young if Judge Young

4    sees these proceedings differently than all of us apparently

5    do.

6        Okay and then obviously if the defense has some other

7    motion, you know, to file in Judge Young's case, then

8    they're free to do so.

9            MR. LERMAN: Understood, Your Honor, thank you.

10           THE MAGISTRATE: Okay.  All right.  This was a

11   little thornier than -- but I think we've untangled it to

12   everyone's satisfaction but most importantly, Mr. Nunez, you

13   have to continue to abide by your conditions of release.

14       Your attorneys have made strong arguments for your

15   health conditions and the seriousness of your health

16   conditions and the importance of your health conditions but

17   the Court will take your health conditions seriously if you

18   take them seriously and if you have certain health

19   conditions and you're using controlled substances, cocaine

20   and fentanyl in particular, then it may be harder for the

21   Court to believe that you are taking your health as

22   seriously as you need to.

23       Okay.  All right, so is there anything else as to this

24   case at this time?

25           MR. VALENTIN: Not on behalf of the government,

14

1    Your Honor.

2              MS. PEREZ: Not on behalf of the Commonwealth, Your

3    Honor.

4              MR. LERMAN: Not on behalf of Mr. Nunez at this

5    time, Your Honor.

6              THE MAGISTRATE: All right.  Thank you.  We will

7    break until the next case is ready.

8              (The hearing ended at 11:20 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  U.S. DISTRICT COURT)

2  DISTRICT OF PUERTO RICO)

3

4       I certify that this transcript consisting of 15 pages

5  is a true and accurate transcription to the best of my

6  ability of the proceedings in this case before the Honorable

7  Magistrate Judge Bruce J. McGiverin on July 22, 2024.

8

9

10

11

12  S/Boabdil Vazquetelles

13  Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25