# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**DAVID NÚÑEZ-PÉREZ**
Defendant.

**Crim. No. 01-519 (JAG)**

## MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

TO THE HONORABLE COURT:

At the final revocation hearing on May 9, 2025, the Court revoked Mr. Núñez's term of supervised release and sentenced him to 6 months in prison. DE-317 at 2. The Court also imposed a one-year term of supervised release "under the same all conditions previously imposed on him," with three additional conditions. This was Mr. Nuñez's second judgment on revocation.

Mr. Núñez discharged his prison term on or about August 15, 2025. The U.S. Probation Office for the District of Puerto Rico arranged for the Probation Office for the Eastern District of New York to provide courtesy supervision for Mr. Núñez. Shortly after his release, Mr. Núñez traveled to Long Island and reported to the E.D.N.Y Probation Office. He has been under their supervision ever since.

The U.S. Probation Officer supervising Mr. Núñez in New York has met with Mr. Núñez several times. They have tested Mr. Núñez twice for controlled substances, and Mr. Nuñez has tested negative on both occasions. A third test is scheduled for this Thursday, September 11, 2025.

Mr. Núñez has been living with his wife, at her house in Massapequa, Long Island. He has been working in her cleaning business, and has completed a training program to

obtain a forklift operator license. He has a test for his certification in the afternoon of September 9, 2025. This certification will open up more employment opportunities.

The EDNY Probation Office evaluated Mr. Núñez for treatment for substance use and mental health.

I. **We respectfully request that the Court modify the conditions of supervises release to eliminate the condition requiring six months at a halfway house.**

One of the conditions the Court imposed in the Second Judgment on Revocation was that Mr. Núñez participate in a residential reentry center (halfway house) for six of the twelve months of his one-year term of supervised release. The supervising Probation officer in New York notified Mr. Núñez and the undersigned counsel that the only residential reentry program available for supervisee in the EDNY is in Brooklyn — almost an hour away from Mr. Núñez's residence in Massapequa, Long Island.

Mr. Núñez has adjusted positively to living in Long Island, New York, with the support of his wife. He has a job, has stayed drug-free, and has stable employment. Sending him to a halfway house so far from his job and family support would set back his recovery and rehabilitation.

That Mr. Núñez could serve his term of supervised release in New York was not a viable option at the final revocation hearing. Defense counsel highlighted that Mr. Núñez's goal was moving to Long Island with his wife, away from the circumstances in Puerto Rico that have hindered his fight with substance use disorder. But, after two revocations, it would be difficult for a Probation office outside of Puerto Rico to accept Mr. Nuñez's supervision.  The Court thus crafted the conditions of supervised release with the understanding that Mr. Núñez would serve his term in Puerto Rico before moving to New York.

However, thanks to the efforts of the U.S. Probation Office for the District of Puerto Rico, the Probation Office for the EDNY agreed to supervise Mr. Núñez has a courtesy.

Considering the change in circumstances and Mr. Núñez's outlook, we respectfully request that the Court modify his conditions of release to eliminate the condition requiring him to spend six months at a halfway house. The remaining conditions — including drug testing and evaluation for substance use and mental health treatment — still give the EDNY Probation Office adequate tools to supervise Mr. Núñez and take any appropriate action, if necessary.

## II. The Court should amend the conditions of release to clarify what conditions are applicable during the one-year term of supervised release.

The U.S. Probation Officer supervising Mr. Núñez in New York contacted defense counsel and asked for clarification about which of the conditions in the three judgments in this case — the original judgment, and the two judgments on revocation — are applicable to Mr. Núñez's current term of supervised release.

The Second Judgment on Revocation (the most recent judgment) states that:

> Upon release from imprisonment, you will be on supervised release for a term of:
>
> One (1) year under the same all conditions previously imposed on him, with three (3) additional conditions imposed on May 9, 2025 and the following terms and additional conditions.

Second Judgment on Revocation, DE-317 at 3.

The supervising Probation officer seeks clarification on the part of the judgment directing Mr. Núñez to serve his one-year term of supervised release "under the same all conditions previously imposed on him…" *Id*. We understand that portion of the judgment

refers to the conditions of supervised release imposed in the original judgment of conviction in 2002.

We respectfully request that the Court clarify that the Second Judgment on Revocation's instruction that "all conditions previously imposed on him," refers to the conditions of the original judgment imposed in 2002, not the additional conditions imposed in the First Judgment on Revocation.

The First Judgment on Revocation imposed a four-year term of supervised release "under the same conditions previously imposed on October 18, 2002, with two (2) additional conditions imposed on September 27, 2024 and the following terms and additional conditions." DE-260 at 3. The two additional conditions imposed on September 27, 2024, were:

> 1. Mr. Nuñez-Pérez must participate in a long-term inpatient substance abuse treatment program as arranged by the United States Probation Officer and follow the rules and regulations of that program. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.) and you will remain in the same until duly discharged by the treatment provider in concert with the probation officer.
>
> 2. Mr. Nuñez-Pérez shall participate in an approved mental health treatment program for evaluation and/or treatment services determination. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider; the modality, duration, and intensity of treatment will be based on the risks and needs identified. The defendant will contribute to the costs of services rendered by means of copayment, based on his/her ability to pay or the availability of third-party payment.

DE-260 at 5.

The second condition is repeated in the Second Judgment on Revocation and still applies to Mr. Núñez's term of supervised release. *See* DE-317 at 5. However, the first

condition requiring "long-term inpatient substance abuse treatment" conflicts with the Second Judgment on Revocation's condition requiring six months at a halfway house. We ask that the Court clarify that Mr. Núñez is not required to participate in a long-term residential treatment program. Instead, he will be evaluated by Probation and receive treatment as needed, as provided for in the Second Judgment on Revocation.

### III. Conclusion.

In light of the above, we respectfully request the following remedies:

1. That the Court modify Mr. Núñez's conditions of release to eliminate the condition requiring him to spend six months at a halfway house. *See* DE-317 at 5.

2. That the Court clarify that the "previous conditions" the Second Amended Judgment refers to are the conditions imposed in the original 2002 judgment of conviction. We specifically request that the Court clarify that the condition requiring long-term inpatient treatment imposed in the First Judgment on Revocation no longer applies to Mr. Núñez's term of supervised release. *See* DE-260 at 5.

WHEREFORE, we respectfully request that the Court grant this motion and modify Mr. Núñez's conditions of release as requested.

I CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 9th of September 2025.

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

**s/ HÉCTOR SUEIRO-ÁLVAREZ**
Assistant Federal Public Defender
USDC-PR 306513
241 F.D. Roosevelt Ave.
San Juan, PR 00918
Tel. (787) 281-4922 / Fax (787) 281-4899
Email: Hector_Sueiro@fd.org
